IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| KY'TRIC SHROPSHIRE, ) | Case No. 1:19-cv-1299 |
| ) | |
| Petitioner, ) | JUDGE DAN AARON POLSTER |
| ) | |
| v. ) | |
| ) | |
| ED SHELDON, WARDEN, ) | **OPINION & ORDER** |
| ) | |
| Respondent. ) | |
| ) | |

On January 18, 2022, Magistrate Judge (now District Judge) David A. Ruiz recommended that the Court deny Petitioner Ky'Tric Shropshire's writ of habeas corpus. ECF Doc. 9. On April 1, 2022, Shropshire filed an objection to Judge Ruiz's report and recommendation ("R&R"). ECF Doc. 11. Even though Shropshire has not specifically objected to any of Judge Ruiz's recommendations, the Court has conducted a *de novo* review of Judge Ruiz's R&R and accepts all of his recommendations. For the reasons stated below, the Court overrules Shropshire's objection and adopts the R&R.

**I.    Background**

In April 2013, Shropshire took part in a gang shooting resulting in the death of Regina Neal and the serious injury of Charles Elder. In 2016, after a fellow gang member (S.L.) confessed and implicated several others, Shropshire was charged with one count of aggravated murder, one count of murder, two counts of felonious assault, one count of discharge of firearm on or near prohibited premises and one count of having weapons under disability. Seven of the

counts carried firearm specifications, six carried criminal gang activity specifications and five carried notice of prior conviction specifications. ECF Doc. 5-1 at 3-11. Shropshire elected to have the criminal gang activity specifications, notice of prior gang convictions, and the weapon under disability charge tried to the bench. Following trial, Shropshire was found guilty of all charges and specifications, with the exception of discharging a firearm on or near prohibited premises (Count 7).

After merging Counts 1, 2 and 3, the trial court sentenced Shropshire to a term of life in prison with parole eligibility after 25 years on the aggravated murder conviction (Count 1). Counts 4, 5 and 6, were also merged and Shropshire was sentenced to an additional term of eleven years in prison on Count 4 to run concurrently to Count 1.[1] On Count 9, the Court sentenced Shropshire to a term of thirty-six months in prison, to be served concurrently to Count 1. On the specifications, Shropshire was sentenced to three years for the firearm specification in Count 1; three years for the firearm specification in Count 4; and three years for the criminal gang activity specifications, all to run consecutively to each other and to Count1. ECF Doc. 5-1 at 15.

The Ohio Court of Appeals affirmed the trial court's judgment. *State v. Shropshire,* 8th Dist. Cuyahoga No. 104775, 2017-Ohio-8308 (October 26, 2017); ECF Doc. 5-1 at 91. After permitting Shropshire to file a delayed appeal, the Ohio Supreme Court declined to accept jurisdiction. ECF Doc. 5-1 at 158.

On June 5, 2019, Shropshire filed the instant petition for federal habeas relief asserting the following grounds for relief:

> **GROUND ONE**: The Court erred and, consequently, denied Petitioner's due process rights when it allowed certain hearsay evidence to be admitted at Trial.

---

[1] Shropshire was found not guilty on Count 7 and was not charged in Count 8, which was against his co-defendant, Jamall Lewis. ECF Doc. 5-1 at 11.

2

**GROUND TWO:** The Court erred and, consequently, denied Petitioner's confrontation rights when it allowed certain hearsay evidence through witness Detective Ginley to be admitted at Trial.

**GROUND THREE:** Petitioner was denied a fair trial when the State unlawfully solicited expert testimony from the Detective.

**GROUND FOUR:** Counsel for the State committed prosecutorial misconduct when he presented personally [sic] opinion testimony to bolster two (2) of its witnesses.

**GROUND FIVE:** The Court erred in allowing the content of a written statement made by Petitioner's co-defendant while in custody, and after a motive to fabricate arose, to be admitted to rehabilitation evidence during Trial under the recent fabrication exception to hearsay.

**COUNT SIX:** The Court erred and, consequently, denied Petitioner's confrontation rights when it allowed certain hearsay evidence related to the written statement made by Petitioner's co-defendant to be admitted at Trial.

ECF Doc. 1 at 7-8.

Judge Ruiz has recommended the Court deny Grounds Three and Four as procedurally defaulted, and Grounds One, Two, Five and Six as lacking merit. ECF Doc. 9. Shropshire's written objection is general and vague; it does not specify any particular findings or recommendations requiring this Court's *de novo* review. Notwithstanding his failure to properly object, the Court has conducted a *de novo* review of Judge Ruiz's R&R and accepts and adopts all of his recommendations.

**II.      Standard of Review**

Under 28 U.S.C. § 636(b)(1), "[a] judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *See Powell v. United States*, 37 F.3d 1499 (Table), [published in full-text format at 1994 U.S. App. LEXIS 27813] 1994 WL 532926, at *1 (6th Cir. Sept. 30, 1994) ("Any report and recommendation by a magistrate judge that is dispositive of a claim or defense of a

3

party shall be subject to *de novo* review by the district court in light of specific objections filed by any party.") (citations omitted). Local Rule 72.3(b) similarly requires an objecting party to "specifically identify the portions of the proposed findings, recommendations, or report to which objection is made and the basis for such objections." "An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004); see also Fed. R. Civ. P. 72(b)(3) ("The district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to."). After review, the district judge "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

### III. Law & Analysis

In Grounds One and Five, Shropshire argues that Ohio's hearsay rule was violated at trial by the admission of evidence related to prior consistent statements made by his co-defendant, S.L. Judge Ruiz has recommended that Grounds One and Five of Shropshire's petition be denied as lacking merit, both because Ohio's hearsay rule was not actually violated and because these grounds do not present a constitutional issue. To the extent Ground One can be construed as a confrontation clause challenge, Judge Ruiz has also recommended denial because Shropshire admitted that S.L. *was* cross-examined at trial.

Upon *de novo* review, the Court accepts Judge Ruiz's recommendations on Grounds One and Five as lacking merit. The testimony of Detective Ginley and S.L's prior consistent statement are not considered hearsay under Ohio Evid. R. 801(D)(1). Moreover, as Judge Ruiz noted, Grounds One and Five do not raise any federal issues. In them, Shropshire challenges

4

only Ohio's application and interpretation of *Ohio* law. Upon *de novo* review, the Court accepts Judge Ruiz's recommendation that Grounds One and Five lack merit.

Judge Ruiz has also recommended denial of Grounds Two and Six as lacking merit because Shropshire was permitted to cross-examine Detective Ginley and S.L. at trial. Shropshire's confrontation clause rights were not violated because he was, in fact, permitted to confront his accusers. Moreover, Judge Ruiz has reviewed the state appellate court's review of this issue and "cannot find that [it] unreasonably applied clearly established federal law." ECF Doc. 9 at 25. Nor can I. Upon *de novo* review, the Court accepts Judge Ruiz's recommendation that Grounds Two and Six lack merit.

Judge Ruiz has recommended Grounds Three and Four of Shropshire's petition be denied as procedurally defaulted—Ground Three because Shropshire did not raise it on direct appeal to the Ohio Supreme Court, and Ground Four because he did not contemporaneously object at trial. This Court's review confirms that Ground Three was not raised in Shropshire's memorandum of jurisdiction before the Ohio Supreme Court. Thus, Shropshire failed to fully exhaust that claim in state court. Further, because Shropshire could have raised the argument asserted in Ground Three on direct appeal and did not, it is now barred by Ohio's doctrine of *res judicata*. In short, Ground Three was not fully exhausted and is now procedurally defaulted. Upon *de novo* review, the Court accepts Judge Ruiz's recommendation that Ground Three be denied.

In Ground Four, Shropshire argues the prosecutor made prejudicial remarks during closing arguments. Shropshire raised this argument on direct appeal. The state appellate court found: 1) that it lacked merit; and 2) that it had been waived because Shropshire's trial counsel had not contemporaneously objected. Judge Ruiz has recommended Ground Four be denied as procedurally defaulted pursuant to Ohio's contemporaneous objection rule. It is well established

5

that Ohio's contemporaneous objection rule is an adequate and independent state ground for barring habeas relief and that plain error review constitutes enforcement of the contemporaneous objection rule…" *Neil v. Forshe,* No. 20-3491, 2020 U.S. App. LEXIS 34461 at *12 (6th Cir. Oct. 30. 2020). Ground Four is procedurally defaulted because Shropshire did not object at trial, and the Ohio appellate court enforced Ohio's contemporaneous objection rule. Furthermore, Shropshire has not specifically objected to Judge Ruiz's recommendation on Ground Four. For these reasons, the Court accepts Judge Ruiz's recommendation that Ground Four be denied.

Shropshire has not stated any specific objections to Judge Ruiz's recommendations. Upon review, the Court finds that Judge Ruiz correctly determined that Shropshire's grounds for habeas relief were procedurally defaulted and/or lacked merit. For this reason, the Court hereby OVERRULES Shropshire's objections, ADOPTS the R&R, and DENIES Shropshire's petition for habeas review.

IT IS SO ORDERED.

Dated: April 6, 2022

            *s/Dan Aaron Polster*
            United States District Judge